Good afternoon, your honors. Can you hear me? My name is Michael Donahoe. I'm here on behalf of Mr. Meech. I work for the Federal Defender's Office in Montana. I guess I want to begin by talking about the protection orders that became the issue in this case, and that was the temporary order together with the stipulated order of protection. Um, Mr. Meech goes to the counter and apparently shops guns at the store, and at some point in time, I'm not sure exactly, I don't know that the record reflects it, Mr. Meech is asked to fill out that 4473, that ATF form, and he quickly reviews it and signs it and hands it back. And then that transaction gets called in, is granted a number, and it is delayed. I think it's important to think about this case as some manner of asking the question, when does this 4473, when should it be run? Um, the... I'm sorry, counsel, I couldn't hear your last word. When should it be what? Run. Oh, run, okay. Run, right. In other words, when should it be called in? And we don't know the answer to that question. I think what concerns me here is we have a lot of ambiguous circumstances. We have no actual sale, apparently. We have the clerk that says, oh, but I sold it. But we ring up the transactions in the front of the store. So I had to run the form to see if he qualified. I'd like to go to the Supreme Court's decision in Abramski. The court talks there, the purpose of the 4473, and they use language that sort of suggests it's to see if a person qualifies to possess a firearm. Maybe that's what was happening here. I don't know. Counsel, can I ask, I mean, the reason, presumably the reason they run the background check is that not everybody is always honest when they fill out the form. And so it will often be the case that people who lie on the form are caught in the background check and don't succeed in purchasing a firearm. But I guess maybe you could get to, I'm not sure how that bears on any of the legal issues relating to the liability for making a false statement on the form. And I guess that's why I wanted to start here. Who is he making a false statement to? To the firearms dealer? The transaction was delayed. It wasn't denied. There was no immediate reference that he had lied on the form. It was simply delayed. And Mr. Meech left the store and did not return. Counsel, maybe this is what Judge Miller is getting at. I'm not sure, but I'm struggling with the argument. Is it your argument, now that he's been convicted, is it your argument, is it a Jackson argument that there wasn't sufficient evidence to find the elements that you're mentioning? Well, I think that's here. That argument's in this record. Yes, it's in the briefing. So what element is missing under the Jackson standard? Well, if we want to go to what firearm? There's nothing that says that he was attempting to acquire a firearm, other than maybe examining guns at the counter. Well, there is evidence that was introduced at this bench trial that the defendant shopped, looked at several guns. He was there about an hour. He filled out this form, as Judge Miller's just mentioned. And then he hung around, waited to get the answer back. And the answer was, quote unquote, delayed. Why couldn't reasonable jurors decide that he was attempting to purchase a firearm based on that evidence, please? Well, first, we had a bench trial. So Judge Christensen was the person that made that determination. Right. Why was he wrong? He was wrong because there's no proof that Mr. Meach was actually going to acquire this firearm. Why else would anyone fill out the form? I mean, isn't that, I mean, you go into a gun store, you fill out a form that has, you know, it's a form for buyers of firearms. Why isn't it an entirely reasonable inference that that's what he would have been doing? And I think that's a good word, buyers. And buyers indicate sale. And sale needs proof. It needs some kind of foundation. But counsel, you have to overcome the Jackson standard after the fact. To say why was the evidence, you know, in a trial you may have made these arguments. But at this point, the question is, given the evidence that we've just paraphrased, why was it insufficient for the fact finder to make these findings? Respectfully, Your Honor, I would point out that we have an issue in the case that the elements were not correctly identified. Okay. Which ones? Is anybody with me there? It's the middle claim where we argue that the government needed to prove that there was an attempt to acquire a firearm. And likewise, Mr. Meach needed to be aware of his prohibited status. The government needed to prove both those elements. Neither of those elements is present to support the conviction. And in fact, Judge Christensen ruled that both those elements didn't need to be proved. Right. And so let's talk about that. What Judge Christensen ruled is that this individual wasn't charged with attempting anything. He was charged with the completed offense of making a false statement in the indictment. The indictment says that in connection with the attempt to acquire a firearm, it's the express language of the indictment. It's the express language of the statute, in fact, that the word attempt is used. The government didn't prove that Mr. Meach walked out of the store with the firearm. He never acquired it. They tried to prove that he attempted to acquire it. And under this court's decision in Graziadis, when that kind of language is in the statute, it needs to be proved. And an attempt crime has special components. And neither of those components was met here. And that makes me circle back to the opening of the argument. The argument is there was no attempted acquisition. You might be able to infer because the FFL ran the report, or ran the 4473, that there was some kind of transaction in progress. But the proof doesn't bear that out. The clerk testified that oftentimes people run the 4473, they have it, they clear it. They say, yeah, you're good to go. And the person at the counter will say, you know, I'm going to wait. There is nothing in this record that says Mr. Meach was attempting to purchase a firearm other than... He just randomly decided to fill out this form and hand it in? Well, I think that he filled out the form at the instance of the FFL, the clerk. And the clerk was... Well, no, I mean, if he's just wandering around the store, the clerk doesn't say, excuse me, sir, you can't really wander around my firearms store till you fill out this form. That's not the situation here. Well, he's in the process of wanting to purchase. So he fills out this form. Why isn't that sufficient? Yeah, no, it's not. And I put the CFRs, some of the more applicable CFRs in the addendum to the blue brief. And you can see there's no fixed point that indicates when the 4473 should be run. You have to remember here that the FFL is under an independent duty not to transfer a firearm to a prohibited person. He or she is going to have that form filled out and run it before that transaction consummates. There has to be a transaction. And I say that's what M. Bramski says. It says at the point of sale, we're trying to qualify an individual to purchase a firearm. Purchase indicates that there's some kind of meat to this transaction, that I have money on the table, that my credit card got run, that I did what was necessary to make a contract with this person to purchase this firearm. That would be a completed purchase, not an attempt, wouldn't it? No. And so that depends on what the word acquisition is. We know for sure we didn't have any acquisition because no firearm was ever delivered to this individual. He may have allegedly attempted, but if that's the case, where's the proof? What substantial step did Mr. Meech take to attempt to acquire a firearm? Completing the required ATF form. Okay, we have the same answer, I guess. Why isn't that a substantial step? First, because the FFL has to run the form as an independent matter. He or she cannot engage in that transaction until that form is run. If he doesn't do that, he's in violence. That's right, and the evidence was that they wouldn't have run it but for him completing the form. The form was the prerequisite that prompted them running. That's what the evidence showed, sir. Well, but still, you have to have some kind of sale in progress. You have to look at it from the defendant's point of view. The FFL kit is not proxy. Actually, right there, sir, as a matter of law, that's not correct. At this point, we don't look at it from the defendant's point of view. We're looking at it under the Jackson standard to figure out whether the evidence, as you know, right? I understand that your honor is talking about the Jackson standard, and I am aware of what the Jackson standard is, respectfully, but your honor is not hearing that the attempt element was never proved. In fact, Judge Christensen said it wasn't even an element. Right, I think you have to take those, and the response, I think the response to that, I want to make sure I understand your position here, Judge. That is what the trial court said. He's not charged with an attempted offense, as you know, and your response to that is because the completed statute has the word attempt. They were required, the government was required to approve the elements of attempt. Is that correct? Correct. All right. Absolutely. Great, and I'd like to reserve my remaining time. Thank you. You may. Good afternoon. May it please the court, I'm Cindy Peterson. I'm an assistant United States attorney in the District of Montana, and I'm here for the United States this afternoon. I had planned on just briefly mentioning or addressing the argument that the indictment was insufficient, and then I was going to move to the proper elements and then address, finally, the sufficiency of the evidence in this case to support the conviction, and I anticipate that, of course, the elements and the sufficiency of the evidence will be the large portion of my There was a challenge to the sufficiency of the indictment, and that it was alleged that the government did not identify a specific order of protection in the indictment. That was not necessary, because the charged conduct in this case is the lie. It's the false statement, and we've cited Woodruff, which states that it's not necessary to plead evidentiary details within the indictment. It's a false statement if a defendant is subject to an order. We don't have to explain in the indictment with specificity why it's false. We just have to identify that it's false, and of course, in the Ninth Circuit, bare bones information using the statutory language is common, and it's permissible, and in this case, as the district court pointed out, it's actually not even bare bones. We included additional information beyond that, so that's really all I was going to say about the sufficiency of the indictment. We believe that the court made the proper decision in not dismissing it, but I want to move to the proper elements, because it's been referenced here with regards to attempt and whether or not there was an application and whether or not that the court should have instructed on attempt. This was not an attempted crime. It was a completed crime. There was no allegation by the government that he was attempting to make false statement, and as we've identified in our brief, just because of the fact that the word attempt is included in some elements of the indictment, Mr. Meach, in support of this argument, all had attempted crimes as the underlying crime. That's not what happened here. In terms of the proper elements, the district court, we believe, got it right, and we also believe that Williams controls. It's a 1982 case from the Ninth Circuit, and the elements for this charge have not changed since 1982. The government needs to show that Mr. Meach made a statement that he knew to be false. It's clear under Williams that we do not have to prove that he knew he was violating the law. There's a lot of argument as to whether or not Rehafe modifies that. It does not. Williams still stands and controls with regards to the proper elements here. When you look at the underlying crimes themselves, the crime that's charged here is very different than a 922G charge that was referenced in Rehafe, and even when the Ninth Circuit extended it indoor, both of those crimes had to do with possession of the firearm. That's what Mr. Meach was charged with. Counsel, isn't the operative point not whether it was possession? The operative point is whether there's a mens rea in the crime, isn't it? Isn't that the problem? In this crime that this defendant was convicted of, he has to make a knowingly false statement, so we don't have the same mens rea problem, right? That's exactly right, Your Honor, and that's exactly what the Tenth Circuit found in Kisperit. I'm sorry if I'm mispronouncing that wrong, but that's exactly right. There is no specific intent element. The mens rea is only the knowledge that the statement is false. What they were worried about in Rehafe was really the fact that you could encompass entirely innocent conduct with the possession of a firearm. That does not happen with a 922A6 charge. It specifically is his conduct, and there's no risk of innocent conduct being swept in because Meach has to be truthful, so there's no issue. It's because he has to be convicted. He has to make a knowingly false statement, right? Yes. Okay, so in addition to Doar, we've extended Rehafe now, and I think it implied it in a case called Greer or Gear, and I'm just wondering, is there a need to publish here? Is there room for clarification that would be helpful, or is it as obvious as you make it sound? Your Honor, we just really think that Williams controls. We really think that it's that simple. It's not a Rehafe issue because it doesn't come down to possession. It's a different crime. It has to do with the false statement. Okay. And, you know, I mean, to the extent, we did also argue that even if you do find that there should be some additional element applied or there's some already covered in the elements that are there because he has to knowingly make a false statement, and in order to know that the statement is false, he has to know about the underlying order of protection in this case. I think you've answered my question. Thank you. Thank you. The final issue that I wanted to talk about was the sufficiency of the evidence that the four elements that are identified in the Pattern 9 Surrey Jury Instruction were all met here. Those are set out in detail by the District Court in the Findings of Facts, and that's at Volume 1 of the excerpts at 40 to 67. We don't have to prove a substantial step because it wasn't an attempted crime. However, as the courts identified, there certainly was a substantial step here, which is signing and submitting the application seeking to obtain the firearm from a licensed dealer. When you look at the plain language of the statute, we really think that that is what controls, and that's why there's no need to look to a substantial step. Counsel also argued there was a problem with materiality, and I think that his argument was that this form that he filled out may not be material. That is, it may not have been likely to induce any reliance because the licensed firearm dealer was going to have to run the background check anyway. Do you have a response to that? I do, Your Honor. It's simply not true, and that's not what the record supports, and we have highlighted the language where they could lose their license if they run it without doing the very initial step of going down and looking at the applicant's answers. They're specifically directed that if any of those questions are answered to the positive, if they're a felon, if they're subject to an order of protection, misdemeanor with domestic violence, then the transaction is supposed to stop right then and there, and if they proceed to go forward with the next check, it actually can put their license at risk, and that was testimony at the trial as well. So, it certainly had the capability of influencing the firearms dealer and did here because they proceeded to go ahead and run the next check. He also argues that it was unreasonable to go forward because they could see that he didn't read the back of the form, didn't read it carefully. What is your response to that? Your Honor, we discussed that in the district court, too, about whether or not the firearms dealer has an obligation to sit there and read through it, and we don't think that that has anything to do with the elements of the crime. The obligation here is on Mr. Meach, who is you must answer these things truthfully. He swears off that he understands and has provided truthful answers. There may be multiple instances where a certain applicant fills out one of these every day, quite frankly, and they don't have to sit there and watch them read through the definitions word for word. We just think that that's an unreasonable argument, and frankly, it doesn't go to sufficiency of the evidence, and exactly for all of the reasons that the district court provided in the findings. Thank you. Yes, if there's anything else that the court would want me to identify, I'm happy to answer it. There's a lot of argument about, you know, if he changes his mind, and what if he doesn't really go through with the transaction, but none of that matters. This comes down to making a false statement, and whether or not a firearm is acquired does not make Mr. Meach's false statement more or less legal. It comes down to his false statement, and whether or not he is knowingly making that false statement, that's the he ultimately has one in his hands is irrelevant to the question and the elements of the crime. It appears there's no further questions. Thank you. Thank you, Your Honor. Thank you, Your Honors. I will try not to use this three minutes, maybe just a minute, but I just wanted to read the text of the statute. It shall be unlawful for any person in connection with the acquisition or the attempted acquisition of any firearm, if the gun had been handed over to him after the transaction ran and showed delay, this would be an easy case, because he would have walked out with the gun, but that didn't happen here. He, so the government falls back on he attempted to acquire. I would just posit to the court rhetorically, what does that phrase actually mean in the context of this statute? It means nothing. It means that a freestanding false statement is against the law here. That phrasing provides the contextual background for the false statement. The person must be engaged and in progress of some transaction that has meaning, and there was no such attempt here. None. The indictment follows suit and just recites precisely the words of the statute. So I suppose we could read those words out and say, if you go to a firearms dealer and make a false statement to a firearms dealer of what is required to be told to the firearms dealer, then maybe the government's right, but I just don't see how you wrench this from the context that the statute requires. Thank you. Thank you. Thank both counsel this afternoon for the argument United States versus Meach has submitted.
judges: McKeown, Christen, Miller